IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUSSELL DWAYNE RODGERS,

      Plaintiff,

  vs.

DERRAL ADAMS, et al.,

      Defendants.

CV F 02 5713 OWW WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

      Plaintiff is a former state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff, formerly incarcerated at Corcoran State Prison and San Quentin State Prison, brings this civil rights action against defendant correctional officials employed at San Quentin and Corcoran. Plaintiff alleges that he was housed at San Quentin from August through December of 2000. Plaintiff alleges that from January to February of 2001, he was denied law

1

library access at CSP Corcoran. Plaintiff alleges that, as a result, he lost his summary judgment motion. Plaintiff also claims that while housed at Corcoran, he was housed in a cell that had a broken ventilation system. Plaintiff alleges that excessive air was pumped into his cell. The air was often "toxic," and caused plaintiff sickness, headaches, depression, drowsiness and nausea. Plaintiff also sets forth allegations that certain individuals refused to process plaintiff's outgoing mail to the American Civil Liberties Union, and that mail to plaintiff from the federal district court was never delivered to plaintiff. Plaintiff names several individual defendants.

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In order to hold the named defendants liable, plaintiff must allege facts that indicate each individual defendant engaged in conduct that deprived plaintiff of a protected interest. A recitation of plaintiff's complaints and the naming of several individual defendants is

insufficient to state a claim for relief. Plaintiff must specifically charge each defendant with conduct that is actionable under section 1983. Plaintiff must link each individually named defendant with conduct that constitutes a violation.

As to plaintiff's access to courts claim, plaintiff must allege facts indicating that he has suffered injury within the meaning of Casey v. Lewis, 518 U.S.343 (1996). Plaintiff must allege facts indicating that the named defendants impaired his ability to pursue a non-frivolous legal claim challenging the conditions of his confinement or his conviction. A vague allegation that he was denied law library access and that he lost a summary judgment motion is insufficient. Plaintiff does not charge any named defendant with specific conduct that would constitute a violation within the meaning of Casey. Plaintiff refers to a summary judgment motion in Rodgers v. Horsely, et al., 95-CV-48 (Northern Dist. Cal.). The court notes that plaintiff opposed the motion, and the motion was granted in part and denied in part. Specifically, the motion was not denied for want of legal research on the part of plaintiff.[1]

As to the condition of plaintiff's cell, the complaint suffers from the same defect. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124,

---

[1] The court may take notice of the existence and content of court files in another court. United States v. Wilson, 631 F.2d 118, 66 A.L.R. Fed. 663, 7 Fed. R. Evid. Serv. 35, 9th Cir.(Nev.), Oct 22, 1980.

(9th Cir. 1998) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 835 (1994). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." <u>Farmer v. Brennan</u>, 511 U.S. at 834 (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." <u>Id.</u> at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." <u>Farmer v. Brennan</u>, 511 U.S. at 835. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. <u>Id.</u> at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. <u>Farmer v. Brennan</u>, 511 U.S. at 835; <u>Frost v. Agnos</u>, 152 F.3d at 1128; <u>see also</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 33 (1986). Plaintiff fails to charge any defendants with conduct that constitutes cruel and unusual punishment within the meaning of the above standard.

      As to plaintiff's claim regarding his mail, he has not specifically alleged conduct on the part of any defendant that indicates a willful deprivation of his mail that resulted in any actionable injury to plaintiff. Though plaintiff does allege that C/O Baber "refused to process outgoing legal mail addressed to the ACLU," As with the other claims, plaintiff must specifically allege conduct on the part of each named defendant, and allege facts indicating how that conduct injured plaintiff.

      The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.IT IS SO

1  ORDERED.

2  Mmkd34**Dated:   May 10, 2005**          **/s/  William M. Wunderlich**
                                           UNITED STATES MAGISTRATE JUDGE